# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RITZ OF CHICAGO, LTD.,

    Plaintiff,

v.

KENDRA ESPINOSA, KRIS ESPINOSA, LYLE ESPINOSA, and BRENDAN SCHAFFER,

    Defendants.

No. 08 C 50208
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

**I. Background**

In November 2007, Plaintiff Ritz of Chicago[1] filed Case No. 07-L-397, *Ritz of Chicago v. Kendra Espinosa*, in the Circuit Court of Winnebago County, alleging a cause of action for breach of contract involving two horses. Ritz subsequently filed Case No. 08-CV-42, *Ritz of Chicago v. Kendra Espinosa*, in Weld County, Colorado, alleging a cause of action for replevin in which Ritz alleged ownership of the two horses and sought their return. The Weld County action has since been voluntarily dismissed.

In February, Ritz and Kendra Espinosa signed a general and mutual release and Case No. 07-L-397 was dismissed with prejudice. Approximately one week later, Ritz filed a motion to vacate that dismissal, which was granted. Immediately after Case No. 07-L-397 was re-opened,

---

[1] For purposes here, there is no meaningful distinction between the actions of Ritz of Chicago, the Plaintiff, and Ken Ritz, the President of Ritz of Chicago, its sole shareholder, and its attorney in this matter.

Ritz filed a second Illinois lawsuit, Case No. 08-L-94, *Ritz of Chicago v. Kendra Espinosa*, in the Circuit Court of Winnebago County, alleging a cause of action for conversion of the horses.

Kendra subsequently filed motions to dismiss both Illinois cases, pursuant to 735 ILCS 5/2-619, arguing that both lawsuits were barred by the release, and that the second lawsuit was also barred under the doctrine of res judicata. On August 14, 2008, the Winnebago County Circuit Court granted both motions, and both lawsuits were dismissed with prejudice. Ritz filed notices of appeal in both cases, and both appeals are pending with the Illinois Second District Appellate Court (Case Nos. 2-08-816 and 2-08-882).

This case, filed in the Northern District of Illinois pursuant to diversity, alleges a state law cause of action for conspiracy to commit fraud. In addition to Kendra Espinosa, Ritz has named three other defendants - Kris and Lyle Espinosa, Kendra's mother and father, and Brendan Schaffer, Kendra's husband. The subject matter of this case is the same two horses.

All Defendants filed motions to dismiss or stay and filed a joint reply brief in support. Collectively, Defendants move to stay this action pursuant to the *Colorado River* doctrine. Kris, Lyle, and Brendan move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. All Defendants move to dismiss pursuant to Rule 12(b)(3) for improper venue and in the alternative for forum non conveniens. Lastly, all Defendants move pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, Defendants' motion to stay is granted; the remaining motions to dismiss are entered and continued pending the resolution of the appeals in the Illinois Appellate Court.

## II. Discussion

The "exceptional-circumstances test" established by the Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-21 (1976), permits a district court to dismiss or stay an action when there is an ongoing parallel action in state court. *LaDuke v. Burlington Northern R. Co.*, 879 F.2d 1556, 1558 (7th Cir. 1989). The mere fact that an action is pending in state court ordinarily is no bar to parallel federal proceedings. *Id.* (citations omitted). The "surrender of jurisdiction in deference to parallel state proceedings for reasons of wise judicial administration is warranted only under limited and exceptional circumstances." *Id.* (quotations and citation omitted). In addition, the Seventh Circuit has concluded that a "stay . . . rather than a dismissal, is the appropriate procedural mechanism to be used when deferring to parallel state proceedings under the *Colorado River* doctrine." *Id.* at 1562.

To determine whether a stay is appropriate, I must first determine whether the concurrent state and federal actions are "parallel." *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006). Concurrent state and federal actions are parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *LaDuke*, 879 F.2d at 1558 (quotation and citation omitted). There can be little doubt that the pending Illinois state court actions are parallel to this federal case. Ritz of Chicago is the Plaintiff in every case, and Kendra Espinosa is a Defendant in every case. All of the cases arise out of the same nucleus of operative facts, i.e., the ownership and control of the same two horses. The difference here is the addition of three more defendants, all of whom are related to Kendra, who are alleged to have conspired with Kendra to defraud Ritz. That one of the state cases is based on contract and the

3

other on tort, whereas this case is based on a claim for civil conspiracy, means only that Ritz has pursued different theories of liability. Otherwise, substantially the same parties are contemporaneously litigating substantially the same issues in another forum.

Since I have determined that the suits are parallel, I must now consider a number of non-exclusive factors that might demonstrate the existence of exceptional circumstances such that deference is justified. *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 701 (7th Cir. 1992). There are at least ten such factors: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Lumen Const., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 694-95 (7th Cir. 1985).

Defendants contend that factors one through seven and factor ten all militate in favor of granting abstention. Indeed, the state court has assumed jurisdiction over the property. Kris, Lyle, and Kendra Espinosa are residents of Colorado, and Brendan Schaffer is a resident of Texas. Kris Espinosa's farm, where the two horses are alleged to have been secreted, is in Weld County, Colorado. One potential witness - the person or entity from whom the horses were purchased - is located in Mexico. If the Illinois Appellate Court affirms the State Court's dismissals, this lawsuit may be barred from proceeding by the doctrine of res judicata. The state court cases were filed before this case, and in all the cases Ritz has alleged state law causes of

action. The state-court action is more than adequate to protect Ritz's rights. The State Court cases have proceeded further than this case - in fact they have run their course in the trial court and are now up on appeal.

With regard to the possible vexatious or contrived nature of Ritz's federal claim, Ritz argues that it had no choice but to file this action because it did not learn of Defendants' conspiracy until September 2008, after the Illinois state lawsuits had been appealed and the trial court had lost jurisdiction over the cases. "If the Plaintiff had known then what it knows now, there would have been only one lawsuit." Pl. Resp. Br. at 2. However, Ritz could have filed motions to dismiss the appeals before the record on appeal was filed in the reviewing court and sought further relief in the trial court, such as amending one of the complaints to add the three new defendants and the claim for civil conspiracy. *See* ILCS S. Ct. Rule 309. The record was not filed with the Appellate Court until October 27, 2008, and by Ritz's own admission, it knew of the alleged conspiracy by the end of the summer of 2008. On this basis, and due to the similarity of both the parties and the operative facts, it does appear that the federal claim is at least contrived, and at most vexatious - either of which would weigh in favor of deferring to the state court proceedings.

Ritz, on the other hand, only argues that one of the factors weighs against granting a stay: that his rights are not protected in the state court cases because those cases seek no relief against the three new defendants. While it may be true that Ritz cannot seek relief against Kris, Lyle, or Brendan in the state court cases, this is Ritz's own fault for failing to amend those pleadings to include facts and parties that it now admits it knew about back in the summer of 2008. Illinois law is clear that res judicata applies not only to what was litigated in prior cases, but also what

could have been litigated. *See River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998) ("The bar extends to what was actually decided in the first action, as well as those matters that could have been decided in that suit.").

## III. Conclusion

I find that exceptional circumstances warrant a stay in this case until the conclusion of the proceedings in the two parallel state cases that are awaiting decisions on appeal. Defendants' motion to stay pursuant to the *Colorado River* doctrine is granted. Defendants' remaining motions to dismiss are entered and continued.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: July 2, 2009